

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JAQUAN HI KEEM BRYANT,　§ | |
| 　　　　　　　Plaintiff,　§ | |
| 　　　　　　　　　　　　§ | |
| vs.　　　　　　　　　　§ | CIVIL ACTION NO. 3:23-5136-MGL |
| 　　　　　　　　　　　　§ | |
| GM FINANCIAL,　　　　§ | |
| 　　　　　　　Defendant.　§ | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THIS CASE WITHOUT PREJUDICE**

Plaintiff Jaquan Hi Keem Bryant (Bryant), who is representing himself, filed this lawsuit against Defendant GM Financial (GMF). He brings claims under the Truth in Lending Act (TILA) and the Uniform Commercial Code (UCC), sections 3-301 and 3-604.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending to the Court Bryant's complaint be dismissed without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 27, 2023, and the Clerk of Court entered Bryant's objections on November 13, 2023. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

The Magistrate Judge provides a brief recitation of the relevant facts and claims in this case:

> [Bryant] alleges that on May 6, 2021, he entered into a contract for an auto loan with [GMF]. [GMF] then initiated a securitization process, which involved the sale of the loan note. However, [Bryant] alleges [GMF] failed to perfect the security interest correctly by failing to include the note, the evidence of debt, in the security agreement and did not file a financing statement.
>
> [Bryant] argues these alleged actions violated the [TILA] and the [UCC] sections 3-301 and 3-604. [Bryant] additionally argues that because of these violations, [GMF] has both forfeited its right to enforce the note resulting in nullifying the [Bryant]'s obligation to pay the debt as well as voluntarily discharged [Bryant's] debt absolving [Bryant] of any liability under the note.
>
> [Bryant] seeks monetary damages, attorneys' fees, and an order [directing GMF] to produce the original note and to demonstrate that it was not securitized.

Report at 1-2 (citations, internal quotation marks, and alteration marks omitted).

The Magistrate Judge suggests the Court should dismiss Bryant's complaint for lack of both federal question and diversity jurisdiction.

In Bryant's first objection, he claims "[a]s a federal law, TILA claims fall under the jurisdiction of the federal courts." Objections at 3. Therefore, according to Bryant, "a plaintiff who wishes to bring a TILA claim can do so in federal court, and the federal court has the authority to adjudicate the claim." *Id*.

But, Bryant has failed to show he was injured by the alleged sale of the above-described note. Therefore, he lacks standing to bring his TILA claim. *See Rajamin v. Deutsche Bank Nat.*

*Trust Co.*, 757 F.3d 79, 85 (2d Cir. 2014) (holding mortgagors did not suffer any injury as result of the mortgage lender's assignment of their promissory notes and mortgages to securitization trusts, and thus lacked Article III standing to an bring action).

And, without Bryant establishing he has standing, the Court lacks federal question jurisdiction over his TILA claim. Therefore, the Court will overrule this objection.

As a side note, concerning Bryant's UCC claim, the Magistrate Judge states his "assertions that [GMF] violated the UCC cannot confer federal question jurisdiction." Report at 8 n.4. She is correct, and Bryant fails to argue otherwise.

In Bryant's second objection, he contends the Court "has jurisdiction over diversity cases under [TILA] when the parties involved are from different states." Objections at 4. It appears the parties are diverse. But, the diversity statute, 28 U.S.C. § 1332(a), mandates both complete diversity of the parties and an amount in controversy over $75,000.

As the Magistrate Judge correctly notes, however, Bryant's "complaint fails to allege an amount in controversy that satisfies the requirement of § 1332(a) and, indeed, alleges otherwise." Report at 8. In fact, according to the Retail Installment Sale Contract for Bryant's car, it shows the total purchase cost for the auto in question, including interest charges, as being only $26,624.00. Complaint, Exhibit 1 at 2. Accordingly, inasmuch as Bryant has failed to satisfy the amount-in-controversy requirement, the Court will also overrule this objection.

Bryant's remaining objections are so lacking in merit as to make discussion of them unnecessary. Consequently, the Court will overrule those objections, too.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Bryant's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Bryant's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 25th day of June, 2024, in Columbia, South Carolina.

                                          /s/ Mary Geiger Lewis
                                          MARY GEIGER LEWIS
                                          UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Bryant is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.